## No. 335.

### THE STATE OF LOUISIANA vs. A. C. MARCUS.

The judge's narrative of facts, incorporated in a bill of exceptions, to his ruling refusing a new trial, is received as correct.

It is shown by the narrative that the alleged newly discovered evidence was known to the accused before the trial and he failed, though within his power, to have it procured on the trial.

In order to obtain a new trial the newly discovered evidence must have been discovered since the trial and must be such as could not have been discovered by reasonable diligence.

APPEAL from the Third District Court, Parish of Claiborne. *Barksdale, J.*

----

*J. D. Everett* and *J. R. Land*, District Attorneys, for the State, Appellee.

----

*McClendon & Seals* for Defendant and Appellant.

----

The opinion of the court was delivered by

BREAUX, J.    The defendant was indicted for larceny.

He was tried and convicted.

He was sentenced to serve at hard labor in the penitentiary during one year.

From the verdict and sentence he appeals.

The defendant applied for a continuance, alleging that he did not have time to prepare his defence.    He also, in the motion, alleged various other grounds.

There was no undue haste on the part of the court.

The defendant's rights were not prejudiced by overruling the motion for a continuance.

The grounds of the motion are not argues or referred to by counsel for the defendant in his brief.

The court's ruling with regard to them is affirmed without special reference to each, for it would not serve any purpose to write down propositions that do not present any serious grounds of defence.

The motion for new trial on the ground of newly discovered evidence is urged by counsel, who argued that the case should be remanded for another trial.

In defendant's bill to the court's refusal to grant a new trial he sets forth that the newly discovered evidence would enable him to make out his defence.

A statement of the facts relied upon, and which defendant alleges can be proven, is contained in the bill of exceptions.

The statement is at variance with that of the trial judge, who states that the new trial was refused for the following reasons:

" 1. The verdict was in accordance with the law and the evidence.

" 2. As to newly discovered evidence, I did not believe a word of its being newly discovered."

The statement of the district judge does not admit of question.

He has narrated at some length the facts which led him not to credit defendant's allegation of newly, discovered evidence after the trial.

There is no reason not to accept as correct the conclusion reached by him.

They are not made in any respect uncertain by defendant's contention that it is newly discovered evidence.

The district judge heard the witnesses and was presumably aware of the facts proven on trial.

He unhesitatingly declares, that, the evidence stated by defendant for a new trial was not newly discovered.

Taking the facts as detailed by him as correct, the conclusion must be the same.

In the absence of any circumstance to weaken the trial judge's statement, under the established jurisprudence of this court, it must be accepted as correct.

It being shown that the evidence was known to the accused before the trial, it only remains for us to apply the principle that a new

trial will not be granted on the ground of newly discovered evidence, if such evidence was known to him before the trial, and he failed, though within his power, to have it procured on the trial. State vs. Anderson, 29 An. 774; State vs. Cotton, 36 An. 980; State vs. Gauthraux, 38 An. 608.

Judgment affirmed.